Teresa C. Chow, Bar No. 237694
*tchow@bakerlaw.com*
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Telephone:   310.820.8800
Facsimile:   310.820.8859

Matthew D. Pearson, Bar No. 294302
*mpearson@bakerlaw.com*
**BAKER & HOSTETLER LLP**
1801 California Street, Suite 4400
Denver, CO 80202-2662
Telephone:   303.861.0600
Facsimile:   303.861.7805

Attorneys for Defendant
SOUTHWEST AIRLINES CO.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE CLARK-ALONSO, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES CO.; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL** |

**TO THE CLERK OF THE ABOVED-ENTITLED COURT, AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, Defendant Southwest Airlines Co. ("Southwest") hereby removes the action filed by Mike Clark-Alonso ("Plaintiff") in the Superior Court of the State of California in and for the County of Alameda, Case No. RG19030839 (the "State Court Action"), to the United States District Court for the Northern District of California.

## JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332, and removal is proper under the Class Action Fairness Act of 2005, codified in part at 28 U.S.C. § 1332(d).

2. This Court is in the judicial district and division embracing the place where the State Court Action was brought and is pending. Thus, this Court is the proper district court to which this case should be removed. 28 U.S.C. §§ 1441(a) and 1446(a).

## THE ACTION AND TIMELINESS OF REMOVAL

3. On August 12, 2019, Plaintiff, purportedly on behalf of himself and all others similarly situated, filed a Class Action Complaint (the "Complaint") against Southwest and "Does 1 through 100, inclusive." A true and correct copy of the Complaint is attached to this Notice of Removal as **Exhibit A**.

4. On August 28, 2019, Plaintiff served Southwest with copies of the Civil Case Cover Sheet, Civil Case Cover Sheet Addendum, Summons, Complaint, Alternative Dispute Resolution (ADR) Information Packet, Stipulation to Attend Alternative Dispute Resolution, and Notice of Hearing by personal delivery. True and correct copies of all documents filed in the State Court Action are collectively attached to this Notice as **Exhibit B.**

5. The removal is timely under 28 U.S.C. § 1446(b) because Defendants filed this removal within 30 days of being served with the Complaint. *See Murphy Bros. v. Michetti Pipe Stinging, Inc.*, 526 U.S. 344, 348 (1999) (time period for removal begins when the defendant is served).

## CAFA JURISDICTION

6. <u>Basis of Original Jurisdiction</u>. This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA") (codified in pertinent part at 28 U.S.C. § 1332(d)). Section 1332(d) provides that a district court shall have original jurisdiction over a class action with one hundred (100) or more putative class members, in which the matter in controversy, in the aggregate, exceeds the sum or value of $5 million. Section 1332(d) further provides that, for

1. CAFA to apply, a member of the putative class must be a citizen of a state different from any defendant.

2. 7. As set forth below, pursuant to 28 U.S.C. § 1441(a), Defendants may remove the State Court Action to federal court under the Class Action Fairness Act of 2005 because: (i) this action is pled as a class action; (ii) the putative class includes more than one hundred members; (iii) members of the putative class are citizens of a state different from that of Defendants; and (iv) the matter in controversy, in the aggregate, exceeds the sum or value of $5 million, exclusive of interests and costs.

## THE ACTION IS PLED AS A CLASS ACTION

8. CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

9. Plaintiff seeks class certification under California Code of Civil Procedure § 382. [Compl. ¶ 21.] The "pertinent sections of [Rule 23 and Civil Code § 1781] are nearly indistinguishable." *Pickman v. Am. Exp. Co.*, No. C 11-05326 WHA, 2012 WL 258842, at *2 (N.D. Cal. Jan. 27, 2012) Thus, the first CAFA requirement is satisfied. [Compl. ¶ 1 ("This class action lawsuit arises out of….").]

## THE PUTATIVE CLASS INCLUDES AT LEAST 100 MEMBERS

10. Plaintiff alleges that "[o]n July 22, 2019, while located as his residence, [he] used his cordless telephone to call [Southwest's] Rapid Rewards number, 800-445-5764." [Comp.¶ 16.] According to Plaintiff, during the telephone conversation, Southwest "failed to disclose to [him] that his telephone conversation with [Southwest] was being recorded and/or monitored" and that he "did not give and could not have given consent for the telephone conversation to be recorded or monitored because he was unaware during the telephone call that [Southwest was] engaged in that practice." [*Id.* at ¶ 17.] Based on the above allegations, Plaintiff asserts a single cause of action against Southwest for violation of California Penal Code § 632.7. [*See, generally, id.*].

11. Plaintiff purports to bring this action on behalf of a California-specific class (the "Class"). [*Id.* at ¶ 21.] Plaintiff defines the Class as: "All California residents who, while located

within California at any time during the applicable limitations period preceding the filing of this Complaint in this Matter and through and included the date of resolution, and while one or both of the parties to the call were using a cellular or cordless telephone, engage in a telephone conversion with Defendants' employee(s) or agent(s) and were recorded and/or monitored by Defendants without any warning or disclosure at the outset of the call." [*Id.* at ¶ 21.]

12. Although Plaintiff alleges that "[b]ased on information and belief, the Class consists of at least seventy-five individuals," [*Id.* at ¶ 26], Southwest has determined, based on its own investigation to date, that, between August 12, 2018 and August 12, 2019, more than 100 individuals with California area codes called 1-800-445-5764.

13. Therefore, the number of putative class members exceeds the statutorily required minimum of 100.

## MINIMAL DIVERSITY OF CITIZENSHIP EXISTS

14. Pursuant to 28 U.S.C. § 1332(d)(2)(A), the "district court shall have original jurisdiction" over a "class which . . . ***any member of the class of plaintiffs is a citizen of a State different from any defendant.***" (emphasis added). *See also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 680 n.5 (9th Cir. 2006) ("One way to satisfy minimal diversity is by demonstrating that any member of a class of plaintiffs is . . . a citizen or subject of a foreign state and any defendant is a citizen of a State.") (internal citations omitted).

15. <u>Plaintiff's Citizenship</u>. As alleged in the Complaint, Plaintiff "is and was a California resident at all times relevant to this Complaint." [Comp. ¶ 5.] For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). "[A] person is domiciled in a location where he or she has established a fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely." *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986) (internal quotations omitted). "[T]he existence of domicile for purposes of diversity is determined as of the time the lawsuit is filed." *Id.* at 750. Since Plaintiff alleged that he resided in California at the time he filed his lawsuit, Plaintiff is a citizen of the State of California.

16. <u>Southwest's Citizenship</u>.  Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  The United States Supreme Court has concluded that a corporation's "principal place of business" is "where a corporation's officers direct, control, and coordinate the corporation's activities," or its "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 93-94. (2010).  "[I]n practice," a corporation's "nerve center" should "normally be the place where the corporation maintains its headquarters." *Id.* at 93.  "The public often (though not always) considers it the corporation's main place of business." *Id.*

17. Southwest is a corporation formed and incorporated under the laws of the State of Texas. [Comp. ¶ 6.]

18. Plaintiff alleges that Southwest's headquarters are located in Dallas, Texas. [*Id.*]

19. As established in Paragraphs 16-18 above, minimal diversity of citizenship is established, pursuant to CAFA, because Plaintiff is a citizen of California and Southwest is a citizen of Texas.

## **THE AMOUNT IN CONTROVERSY EXCEEDS THE CAFA THRESHOLD[1]**

20. Where a complaint does not specify the amount of damages sought, as is the case with Plaintiff's Complaint, the removing defendant must prove by a preponderance of the evidence that the jurisdictional amount-in-controversy is satisfied.  28 U.S.C. § 1446(c)(2)(B).  The Supreme Court has held that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" to meet this standard. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014).

21. Plaintiff requests, pursuant to California Penal Code § 637.2, $5,000 in statutory damagers per violation, [Compl. ¶¶ 39, Prayer for Relief (c)], which, aggregated across the putative class, places more than $5 million in controversy, exclusive of interests and costs.

---

[1] The amounts set forth in this Notice of Removal are solely for purposes of establishing that the amount in controversy exceeds the $5 million threshold and are not intended and cannot be construed as an admission that Plaintiff can state a claim or is entitled to damages in any amount. Defendant denies liability, denies Plaintiff is entitled to recover any amount, and denies that a class can be properly certified in this matter.

22. <u>Statutory Damages</u>. Specifically, Southwest has determined, based on its own investigation to date, that, between August 12, 2018 and August 12, 2019, it received on its 1-800-445-5764 telephone line at least 1,500 calls from individuals with a California area code. Therefore, based just on the $5,000 statutory damages alone, the amount in controversy is at least $7.5 million (calculated as: 1,500 phone calls x $5,000 in statutory damages).

23. <u>Attorneys' Fees</u>. Plaintiff also seeks to recover his attorneys' fees. [*Id.* at Prayer for Relief, (e).] "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1004 (9th Cir. 2007) (internal quotations omitted). The Court may take into account reasonable estimates of attorneys' fees when analyzing disputes over the amount in controversy. *See Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1010-11 (N.D. Cal. 2002). Here, Plaintiff alleges that he is entitled to statutory attorneys' fees under California Code of Civil Procedure § 1021.5. They should therefore be included in analyzing the amount in controversy.

24. In the Ninth Circuit, 25% of the award has been used as a "benchmark" for attorneys' fees. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998). Using this benchmark, attorneys' fees, when added to the amounts discussed above, further increase the amount in controversy for alleged liability exposure above the jurisdictional minimum for removal.

25. Accordingly, the State Court Action is pled as a class action, and the class size, diversity, and amount in controversy requirements of CAFA are satisfied. Defendants have properly removed the State Court Action to this Court.

26. This notice is submitted without waiver of any procedural or substantive defense.

27. The State Court Action was filed on August 12, 2019, thus one year has not elapsed from the date the action in state court commenced.

## NOTICE OF INTERESTED PARTIES

28. Pursuant to Local Rule 3-15, a Certification of Interested Entities or Parties is being filed concurrently with this Notice of Removal.

29. As required by 28 U.S.C. § 1446(d), Defendants are providing written notice of the filing of this Notice of Removal to Plaintiff and are filing a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California in and for the County of Alameda.

Respectfully submitted this 9th day of July 2019

DATED: September 26, 2019

**BAKER & HOSTETLER LLP**

By: */s/ Matthew D. Pearson*
    Teresa C. Chow
    Matthew D. Pearson

*Attorneys for Defendant*
*SOUTHWEST AIRLINES CO.*