# EXHIBIT A

| | |
|---|---|
| 1 | ERIC A. GROVER (SBN 136080) |
| | eagrover@kellergrover.com |
| 2 | ROBERT W. SPENCER (SBN 238491) |
| | rspencer@kellergrover.com |
| 3 | **KELLER GROVER LLP** |
| | 1965 Market Street |
| 4 | San Francisco, California 94103 |
| | Telephone: (415) 543-1305 |
| 5 | Facsimile: (415) 543-7861 |
| 6 | SCOT BERNSTEIN (SBN 94915) |
| | swampadero@sbernsteinlaw.com |
| 7 | **LAW OFFICES OF SCOT D. BERNSTEIN,** |
| | **A PROFESSIONAL CORPORATION** |
| 8 | 101 Parkshore Drive, Suite 100 |
| | Folsom, California 95630 |
| 9 | Telephone: (916) 447-0100 |
| | Facsimile: (916) 933-5533 |
| 10 | |
| 11 | Attorneys for Plaintiff |
| | Mike Clark-Alonso |

FILED
ALAMEDA COUNTY

AUG 12 2019

CLERK OF THE SUPERIOR COURT
By_____ Deputy

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF ALAMEDA**

MIKE CLARK-ALONSO, individually and on behalf of a class of similarly situated individuals,

    Plaintiff,

v.

SOUTHWEST AIRLINES CO.; and DOES 1 through 100, inclusive,

    Defendants.

Case No: RG19030839

CLASS ACTION

**COMPLAINT FOR DAMAGES**

**DEMAND FOR JURY TRIAL**

CLASS ACTION COMPLAINT                              CASE NO.

# CLASS ACTION COMPLAINT

Plaintiff Mike Clark-Alonso ("Plaintiff"), on behalf of himself and a class of similarly situated individuals as defined below (the "PC § 632.7 Class"), alleges on information and belief as follows:

## INTRODUCTION

1. This class action lawsuit arises out of Defendant Southwest Airlines Co.'s ("Defendant") policy and practice of recording and/or monitoring,[1] without the consent of all parties, (1) California residents' telephone calls to Defendant's toll-free Rapid Rewards customer service telephone number and, on information and belief, (2) Defendant's return calls to California residents. Defendant's toll-free Rapid Rewards customer service telephone number – 800-445-5764 -- is referred to herein as "Defendant's Rapid Rewards number."

2. During the relevant time period, Defendant intentionally and surreptitiously recorded and/or monitored telephone calls made or routed to Defendant's Rapid Rewards number. Defendant recorded and/or monitored calls without warning or disclosing to inbound callers and, on information and belief, recipients of outbound calls that their calls might be recorded or monitored.

3. Defendant's policy and practice of recording and/or monitoring, without the consent of all parties, Defendant's telephone conversations with California residents who, while physically located in California, called Defendant's Rapid Rewards number or, on information and belief, received a call from Defendant, violates the California Invasion of Privacy Act, Penal Code §§ 630, *et seq.* ("CIPA"). Specifically, Defendant's policy and practice violates Penal Code § 632.7, which prohibits the recording or monitoring of a communication made to or from a cellular or cordless telephone without the consent of all parties to the communication.

4. Due to Defendant's violations, all California residents who, while they were in California, called Defendant's Rapid Rewards number and, under either circumstance, were

---

[1] "Monitor," as used in this complaint, includes both (a) the common understanding of a person listening in on a call and (b) "intercepting," as that term is used in the California Invasion of Privacy Act. Thus, "monitor" will be used in lieu of "intercept" throughout this complaint.

recorded or monitored by Defendant surreptitiously and without disclosure are entitled to an award of statutory damages as set forth in Penal Code § 637.2.

## PARTIES

5. Plaintiff Mike Clark-Alonso is an individual. Plaintiff is and was a California resident at all times relevant to this Complaint.

6. Defendant Southwest Airlines Co. is a Texas corporation with its headquarters in Dallas, Texas. Defendant systematically and continuously does business in California and with California residents.

7. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sues those defendants by those fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and, on that ground, alleges that each of the fictitiously-named defendants is responsible in some manner for the occurrences alleged and that Plaintiff's injuries and damages, as alleged, are proximately caused by those occurrences.

8. Plaintiff is informed and believes and on that ground alleges that, at all relevant times, each Defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants as to be liable for their conduct with respect to the matters alleged below. Plaintiff is informed and believes and, on that ground, alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, and that each knew or should have known about and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all Defendants.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action under California Penal Code §§ 632.7 and 637.2.

10. This Court has personal jurisdiction over the parties because Defendant

continuously and systematically has conducted business in the State of California. Likewise, Plaintiff's rights were violated in the State of California and arose out of his contact with Defendant from and within California.

11. Venue is proper in this Court because California Code of Civil Procedure §§ 395 and 395.5, and case law interpreting those sections, provide that if a foreign business entity fails to designate with the office of the California Secretary of State a principal place of business in California, it is subject to being sued in any county in the state that plaintiff desires. On information and belief, as of the date this Complaint is filed, Defendant is a foreign business entity that has failed to designate a principal place of business in California with the office of the Secretary of State.

## FACTUAL ALLEGATIONS COMMON TO THE CLASS

12. Plaintiff is informed and believes and, on that ground, alleges that Defendant's Rapid Rewards number, 800-445-5764, connects callers to Defendant's customer service representatives.

13. Plaintiff is informed and believes and, on that ground, alleges that Defendant's employees and agents at the customer service call centers receive incoming calls from callers including California callers. Plaintiff is further informed and believes and, on that ground, alleges that Defendant intentionally has used technology consisting of hardware and/or software and/or other equipment to carry out a policy and practice of recording and/or monitoring calls routed to Defendant's customer service representatives.

14. Plaintiff is informed and believes and, on that ground, alleges that Defendant's employees and agents at the customer service call centers make outbound calls to callers including California callers. Plaintiff is further informed and believes and, on that ground, alleges that Defendant intentionally has used technology consisting of hardware and/or software and/or other equipment to carry out a policy and practice of recording and/or monitoring outbound calls made by Defendant's customer service representatives.

15. Plaintiff is informed and believes and, on that ground, alleges that Defendant's employees and agents at or associated with the customer service call centers were and are

CLASS ACTION COMPLAINT 3 CASE NO.

directed, trained, and instructed to, and did and do, record and/or monitor telephone calls between the customer service representatives and callers, including California callers.

16. On July 22, 2019, while located at his residence within California, Plaintiff used his cordless telephone to call Defendant's Rapid Rewards number, 800-445-5764.

17. During Plaintiff's telephone conversation with Defendant, Defendant failed to disclose to Plaintiff that his telephone conversation with Defendant was being recorded and/or monitored. Plaintiff did not give and could not have given consent for the telephone conversation to be recorded or monitored because he was unaware during the telephone call that Defendant were engaged in that practice.

18. Plaintiff is informed and believes and, on that ground, alleges that other callers who called Defendant's Rapid Rewards number from a location in California and were routed to one of Defendant's customer service call centers were not informed at the call outset by Defendant or anyone else that their calls were being recorded and/or monitored. Thus, that recording and/or monitoring necessarily occurred without the callers' knowledge or consent.

19. Plaintiff is informed and believes and, on that ground, alleges that persons located in California who received calls from Defendant's customer service call centers were not informed at the call outset by Defendant or anyone else that their calls were being recorded and/or monitored. Thus, that recording and/or monitoring necessarily occurred without the call recipients' knowledge or consent.

20. Because there was no warning that calls would be recorded or monitored, Plaintiff had a reasonable expectation that his telephone conversation with Defendant's employees and agents was, and would remain, private and confined to the parties on the telephone. That recording and/or monitoring without his consent is highly offensive to Plaintiff and would be highly offensive to a reasonable person, including members of the proposed Plaintiff Class.

## CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action under California Code of Civil Procedure § 382 on behalf of himself and the class (the "PC § 632.7 Class") defined as follows:

All California residents who, while located within California at any time during the applicable limitations period preceding the filing of the Complaint in this matter and through and including the date of resolution, and while one or both parties to the call were using a cellular or cordless telephone, engaged in a telephone conversation with Defendant's employee(s) or agent(s) and were recorded and/or monitored by Defendant without any warning or disclosure at the call outset.

22. The PC § 632.7 Class that Plaintiff seeks to represent contains numerous members and is clearly ascertainable including, without limitation, by using Defendant's records and/or Defendant's telephone company's and/or other telecommunications and toll-free service providers' records regarding calls from California area codes to Defendant's toll-free numbers and calls from Defendant and its employees and agents to telephone numbers with California area codes to determine the size of the PC § 632.7 Class and to determine the identities of individual PC § 632.7 Class members. Plaintiff reserves the right to amend or modify the PC § 632.7 Class definitions and/or to add subclasses or limitations to particular issues.

23. By its unlawful actions, Defendant has violated Plaintiff's and the PC § 632.7 Class members' privacy rights under CIPA. The questions raised are, therefore, of common or general interest to the PC § 632.7 Class members, who have a well-defined community of interest in the questions of law and fact raised in this action.

24. Plaintiff's claims are typical of those of the PC § 632.7 Class, as Plaintiff now suffers and has suffered from the same violation of the law as other putative PC § 632.7 Class members. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions to represent him and the PC § 632.7 Class, and Plaintiff will fairly and adequately represent the interests of the PC § 632.7 Class.

25. This action may properly be maintained as a class action under § 382 of the California Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed PC § 632.7 Class is ascertainable.

**Numerosity**

26. Based on information and belief, the Class consists of at least seventy-five individuals, making joinder of individual cases impracticable.

**Typicality**

27. Plaintiff's claims are typical of the claims of all of the other members of the PC § 632.7 Class. Plaintiff's claims and the other PC § 632.7 Class members' claims are based on the same legal theories and arise from the same unlawful conduct, resulting in the same injury to Plaintiff and to all of the other PC § 632.7 Class members.

**Common Questions of Law and Fact**

28. There are questions of law and fact common to the PC § 632.7 Class that predominate over any questions affecting only individual PC § 632.7 Class members. Those common questions of law and fact include, without limitation, the following:

    a. Whether Defendant has or had a policy or practice of recording and/or monitoring inbound telephone calls made to Defendant's Rapid Rewards number, 800-445-5764;

    b. Whether Defendant has or had a policy or practice of not disclosing to inbound callers to Defendant's Rapid Rewards number that their conversations with Defendant's employees or agents would be recorded and/or monitored;

    c. Whether Defendant has or had a policy or practice of failing to obtain consent to record and/or monitor conversations between Defendant's employees or agents, on the one hand, and inbound callers to the Rapid Rewards number, on the other;

    d. Whether Defendant violated California Penal Code § 632.7 by recording and/or monitoring, surreptitiously and without disclosure at the call outset, telephone conversations

i. between inbound callers to the Rapid Rewards number using cellular and cordless telephones within California and Defendant's employees and agents, and

　　　　ii. between inbound callers to the Rapid Rewards number who were using landline telephones within California and Defendant's employees and agents who were using cellular or cordless phones;

　e. Whether Defendant has or had a policy or practice of not disclosing to outbound call recipients that their conversations with Defendant's employees or agents would be recorded and/or monitored;

　f. Whether Defendant has or had a policy or practice of failing to obtain consent to record and/or monitor conversations between Defendant's employees or agents, on the one hand, and outbound call recipients, on the other;

　g. Whether Defendant violated California Penal Code § 632.7 by recording and/or monitoring, surreptitiously and without disclosure at the call outset, telephone conversations

　　　　i. between Defendant's employees and agents and outbound call recipients who were using cellular and cordless telephones within California, and

　　　　ii. between Defendant's employees and agents using cellular or cordless phones and outbound call recipients who were using landline telephones within California; and

　h. Whether Class members are entitled to statutory damages of $5,000 under Penal Code § 637.2 for each violation of Penal Code § 632.7.

**Adequacy**

29. Plaintiff will fairly and adequately represent and protect the interests of the other members of the PC § 632.7 Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to

prosecuting this action vigorously on behalf of the other PC § 632.7 Class members and have the financial resources to do so. Neither Plaintiff nor his counsel have any interests adverse to those of the other PC § 632.7 Class members.

**Superiority**

30. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all PC § 632.7 Class members is impracticable and questions of law and fact common to the PC § 632.7 Class predominate over any questions affecting only individual members of the PC § 632.7 Class. Even if every individual PC § 632.7 Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts if individual litigation of the numerous cases were to be required. Individualized litigation also would present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the conduct of this action as a class action with respect to some or all of the issues will present fewer management difficulties, conserve the resources of the court system and the parties and protect the rights of each PC § 632.7 Class member. Further, it will prevent the very real harm that would be suffered by numerous putative PC § 632.7 Class members who simply will be unable to enforce individual claims of this size on their own, and by Defendant's competitors, who will be placed at a competitive disadvantage as their punishment for obeying the law. Plaintiff anticipates no difficulty managing this case as a class action.

31. The prosecution of separate actions by individual PC § 632.7 Class members may create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other PC § 632.7 Class members not parties to those adjudications or that would substantially impair or impede the ability of those non-party PC § 632.7 Class members to protect their interests.

32. The prosecution of individual actions by PC § 632.7 Class members would run the risk of establishing inconsistent standards of conduct for Defendant.

//

## FIRST CAUSE OF ACTION
### Unlawful Recording and/or Monitoring of
### Cellular and Cordless Telephone Communications
### (Violation of California Penal Code § 632.7)
### Against All Defendants

33. Plaintiff incorporates each allegation set forth above as if fully set forth herein and further alleges as follows.

34. While located in California, and within one year before the filing of this complaint, Plaintiff used a cordless telephone to dial 800-445-5764 and participate in at least one telephone conversation with one of Defendant's customer service representatives.

35. Plaintiff is informed and believes and on that ground alleges that, at all relevant times, Defendant has or had a policy and practice of using hardware and/or software and/or other equipment that enabled it to surreptitiously record and/or monitor telephone conversations with Plaintiff and other PC § 632.7 Class members (a) who used cellular or cordless telephones to make calls to Defendant's Rapid Rewards number, (b) who used landline telephones to make calls to Defendant's Rapid Rewards number and spoke with customer service representatives who were using cellular or cordless telephones, (c) who received calls on their cellular or cordless telephones from Defendant's customer service agents, and/or (d) who received calls on their landline telephones from Defendant's customer service agents who were using cellular or cordless telephones.

36. Plaintiff is informed and believes and, on that ground, alleges that, at all relevant times, Defendant has or had and followed a policy and practice of intentionally and surreptitiously recording and/or monitoring Plaintiff's and PC § 632.7 Class members' telephone calls made to the Rapid Rewards number in which one or both parties to the call were using cellular or cordless telephones.

37. Plaintiff is informed and believes and, on that ground, alleges that, at all relevant times, Defendant has or had and followed a policy and practice of intentionally and surreptitiously recording and/or monitoring calls that Plaintiff and PC § 632.7 Class members received from Defendant's customer service agents in which one or both parties to the call were using cellular or cordless telephones.

38. Plaintiff is informed and believes and, on that ground, alleges that Defendant has or had and followed a policy and practice of not advising or warning California residents at the outset of inbound calls to the Rapid Rewards number and outbound calls that their telephone communications with Defendant's employees and agents, in which one or both parties to the call were using cellular or cordless telephones, would be recorded and/or monitored. Because Defendant did not disclose to Plaintiff or PC § 632.7 Class members at the call outset that those calls were being recorded and/or monitored, Defendant did not obtain, and could not have obtained, Plaintiff's or PC § 632.7 Class members' express or implied advance consent to the recording or monitoring of those conversations. As a result, Plaintiff and PC § 632.7 Class members had an objectively reasonable expectation that the calls were not being recorded and/or monitored. That expectation and its objective reasonableness arise, in part, from the objective offensiveness of surreptitiously recording people's conversations, the absence of even a simple pre-recorded message as short as four words – "calls may be recorded" – and the ease with which such a message could have been put in place. As the California Supreme Court has stated, "in light of the circumstance that California consumers are accustomed to being informed at the outset of a telephone call whenever a business entity intends to record the call, it appears equally plausible that, in the absence of such an advisement, a California consumer reasonably would anticipate that such a telephone call is not being recorded, particularly in view of the strong privacy interest most persons have with regard to the personal financial information frequently disclosed in such calls." (See *Kearney v. Salomon Smith Barney* (2006) 39 Cal. 4th 95.)

39. Defendant's conduct as described above violated California Penal Code § 632.7(a). Under Penal Code § 637.2, Plaintiff and PC § 632.7 Class members therefore are entitled to $5,000 in statutory damages per violation, even in the absence of proof of actual damages, the amount deemed proper by the California Legislature.

//
//
//
//

---

CLASS ACTION COMPLAINT　　　　10　　　　CASE NO.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and members of the Class, prays for the following relief:

a. An order certifying the PC § 632.7 Class, appointing Plaintiff Mike Clark-Alonso as the representative of the PC § 632.7 Class, and appointing counsel for Plaintiff as lead counsel for the PC § 632.7 Class;

b. An order declaring that the actions of Defendant, as described above, violate California Penal Code § 632.7;

c. A judgment for and award of statutory damages of $5,000 per violation to Plaintiff and the members of the PC § 632.7 Class under California Penal Code § 637.2;

d. Payment of costs of the suit;

e. Payment of attorneys' fees under California Code of Civil Procedure § 1021.5;

f. An award of pre- and post-judgment interest to the extent allowed by law; and

g. For such other or further relief as the Court may deem proper.

Respectfully submitted,

Dated: August 9, 2019　　**KELLER GROVER LLP**

By: _____
ERIC A. GROVER
ROBERT SPENCER
*Attorneys for Plaintiff*

---

CLASS ACTION COMPLAINT　　11　　CASE NO.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: August 9, 2019

Respectfully submitted,

**KELLER GROVER LLP**

By: _____
ERIC A. GROVER
ROBERT SPENCER
*Attorneys for Plaintiff*

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Eric A. Grover, Esq. (SBN 136080), Robert Spencer, Esq. (SBN 238491)
KELLER GROVER LLP
1965 Market Street
San Francisco, California 94103
TELEPHONE NO.: 415-543-1305   FAX NO.: 415-543-7861
ATTORNEY FOR (Name): Plaintiff Mike Clark-Alonso

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland, California 94612
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME:
Clark-Alonso v. Southwest Airlines, Co.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited   [ ] Limited (Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | RG19030839  JUDGE:  DEPT: |

FILED ALAMEDA COUNTY
AUG 12 2019
CLERK OF THE SUPERIOR COURT
By Jannia Puente Deputy

22836787

BY FAX     ORIGINAL

Items 1–6 below must be completed (see instructions on page 2).

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[✓] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[ ] monetary  b.[ ] nonmonetary; declaratory or injunctive relief  c.[ ] punitive
4. Number of causes of action (specify): ]
5. This case [✓] is [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: August 9, 2019
Robert Spencer, Esq.
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov