UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE CLARK-ALONSO,<br><br>    Plaintiff,<br><br>    v.<br><br>SOUTHWEST AIRLINES CO., *et al.*,<br><br>    Defendants. | Case No. 19-cv-06113-SI<br><br>**ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE**<br><br>Re: Dkt. No. 16 |

On February 14, 2020, the Court held a hearing on defendant's motion to transfer this case to the United States District Court for the Northern District of Texas. For the reasons set forth below, the Court DENIES defendant's motion to transfer.

**BACKGROUND**

The lawsuit arises out of defendant Southwest Airlines Company's ("Southwest") alleged "policy and practice of recording and/or monitoring, without the consent of all parties, (1) California residents' telephone calls to Defendant's toll-free Rapid Rewards customer service telephone number and, on information and belief, (2) Defendant's return calls to California residents." Compl. ¶ 1 (Dkt. No. 1-1).

Plaintiff Mike Clark-Alonso is and was at all times relevant herein a resident of California. *Id*. at ¶ 5. Defendant Southwest is a Texas corporation with its headquarters in Dallas, Texas. *Id*. at ¶ 6. Plaintiff is a member of defendant's Rapid Rewards program, which is a frequent flyer program. Tilley Decl., ¶¶ 4, 18 (Dkt. No. 16-1). According to the declaration of John Richardson Tilley, Southwest's Business Consultant, Rapid Rewards Program Administrator, Southwest customers can enroll in the Rapid Rewards program through the internet, telephone, or mail. *Id*. at

¶ 6. Mr. Tilley states, "[r]egardless of whether a Southwest customer enrolled over the internet, over the telephone, or through the mail, he or she received a copy of Southwest's Rapid Rewards Rules and Regulations ('Rules and Regulations')." *Id*. Mr. Tilley states, "[t]he Rules and Regulations make clear that by enrolling and participating in the Rapid Rewards program, each customer agreed to abide by the Rules and Regulations." *Id*. at ¶ 7.[1]

Southwest has submitted a copy of the Rules and Regulations that were in effect in July 2019. *Id.*, Ex. A. The Rules and Regulations is a six-page document, with the relevant provisions posted at the end of page five under the sub-section "Additional Program Rules and Regulations." Tilley Decl. Ex. A, "Program Terms and Conditions" at 12-13. The Rules and Regulations contain the following relevant provisions[2]:

. . .

Any and all matters arising out of or relating to the program rules and/or the subject matter hereof shall be governed by, construed, and enforced in accordance with the laws of the United States of America, and to the extent not preempted by Federal law, the laws of the State of Texas without regard to conflict of law principles, regardless of the legal theory upon which such matter is asserted.

You and we consent to the personal and exclusive jurisdiction and venue of the state and federal courts within Dallas County, Texas. You and we also agree to litigate any disputes between or involving you and us exclusively in the state and federal courts within Dallas County, Texas. You agree that any cause of action arising out of and/or relating to this program be commenced within (2) years after the cause of action accrues. Otherwise, such cause of action is permanently barred.

**NO TRIAL BY JURY:**

**YOU WAIVE A TRIAL BY JURY IN ANY ACTION OR PROCEEDING BETWEEN YOU AND SOUTHWEST ARISING OUT OF AND/OR RELATING TO THIS PROGRAM.**

**NO CLASS ACTIONS:**

---

[1] At the hearing, defense counsel represented that before an individual could enroll in the Rapid Rewards program, he or she was required to affirmatively agree to be bound by the Rules and Regulations. While Mr. Tilley's declaration states that "The Rules and Regulations make clear that by enrolling and participating in the Rapid Rewards program, each customer agreed to abide by the Rules and Regulations," Mr. Tilley does not state that customers affirmatively consent prior to enrollment. In any event, because the Court concludes that plaintiff's dispute is not covered by the Rules and Regulations, the precise manner by which customers enroll in the program and are informed about the Rules and Regulations is not significant.

[2] The print used in Ex. A is considerably finer than the print used in this order.

2

**YOU WAIVE ANY RIGHT TO PURSUE DISPUTES ON A CLASSWIDE BASIS. YOU AGREE THAT NO CLAIM OR DISPUTE ARISING OUT OF AND/OR RELATING TO THIS PROGRAM MAY BE JOINED WITH A CLAIM OR DISPUTE OF ANY OTHER PERSON OR ENTITY, AND YOU MAY NOT ASSERT A CLAIM IN A REPRESENTATIVE CAPACITY ON BEHALF OF ANYONE ELSE IN ANY LAWSUIT OR OTHER LEGAL PROCEEDING.**

*Id.* (emphasis in original).

On July 22, 2019, while located in California, plaintiff used his cordless telephone to call defendant's Rapids Rewards number, which connects callers to defendant's customer service representatives. Compl. at ¶¶ 12, 16. Plaintiff alleges that defendant failed to disclose to plaintiff that the telephone conversation was being recorded. *Id*. at ¶ 17. Plaintiff claims that he did not give consent for the telephone conversation to be recorded or monitored. *Id*. Plaintiff claims that he believes other callers in California who called defendant's Rapid Rewards program were not informed the calls were being recorded. *Id*. at ¶ 18.

On August 12, 2019, plaintiff filed this lawsuit against Southwest and DOES 1 through 100, who plaintiff alleges were responsible in some manner for the alleged occurrences. *Id*. at ¶ 7. The complaint alleges one cause of action under the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code §§ 632.7[3], 637.2,[4] for unlawful recording and/or monitoring of cellular and cordless telephone communications. Plaintiff filed the complaint on behalf of himself and as a representative of a putative class of "all California residents who, while located within California at any time during the [applicable time period], and while one or both parties to the call were using a cellular or cordless telephone, engaged in a telephone conversation with Defendant's employee(s) or agent(s) and were recorded and/or monitored by Defendant without any warning or disclosure at the call outset." *Id.*

---

[3] California Penal Code section 632.7, titled "Cordless or cellular radio telephones; intentional recordation of communications without consent," provides: "(a) Every person who, without the consent of all parties to a communication, intercepts or receives and intentionally records, or assists in the interception or reception and intentional recordation of, a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone [shall be subject to punishment]."

[4] California Penal Code section 637.2, titled "Civil action by person injured," provides: "(a) Any person who has been injured by a violation of this chapter may bring an action against the person who committed the violation for the greater of the following amounts: (1) [$5,000] per violation; (2) three times the amount of actual damages, if any, sustained by the plaintiff."

1 at ¶ 21. Plaintiff requests certification of the California Penal Code section 632.7 class, an order declaring that defendants have violated section 632.7, and monetary/statutory damages. *Id*. at 11.

**LEGAL STANDARD**

In diversity cases, "federal law governs the analysis of the effect and scope of forum selection clauses." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495 (9th Cir. 2000); *see also Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1086 (9th Cir. 2018). Federal contract law applies to "interpret the scope of a forum-selection clause even in diversity actions." *Yei A. Sun*, 901 F.3d at 1086; *see also Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009).

If the Court determines that a dispute is covered by a forum-selection clause, the Court should enforce the forum-selection clause "unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972); *Murphy v. Schneider National Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2003). A "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Atlantic Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 62 (2013). "The party challenging the clause bears a 'heavy burden of proof' and must 'clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or over-reaching.'" *Murphy*, 362 F.3d at 1140 (quoting *Bremen*, 407 U.S. at 15).

A forum selection clause is unenforceable if "enforcement would be 'unreasonable' under the circumstances." *Hendricks v. Bank of America, N.A.*, 408 F.3d 1127, 1137 (9th Cir. 2005). A forum selection clause is unreasonable if (1) its incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power; (2) the selected forum is so "gravely difficult and inconvenient" that the complaining party will "for all practical purposes be deprived of its day in court;" or (3) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought. *Argueta v. Banco Mexicano*, 87 F.3d 320, 325 (9th Cir. 1996) (internal citations omitted).

**DISCUSSION**

Defendant argues that plaintiff filed suit in this Court contrary to the venue and forum selection clauses set forth in the Rapid Rewards program's Rules and Regulations, and that he is obligated to litigate all disputes arising out of this agreement in the courts of Dallas, Texas. Plaintiff contends[5] that his claim is not covered by the forum-selection clause, and that if the Court determines it is within the scope of the Rules and Regulations, that the forum-selection clause is unenforceable.

Plaintiff argues the forum-selection clause contained in the Rapid Rewards Rules and Regulations does not apply to this dispute because his claim (1) "does not require any interpretation of the [Rules and Regulations]"; (2) "does not require analysis of the Rapids Reward program"; and (3) "does not stem from or require membership or participation in the [program]." Opp'n at 3 (Dkt. No. 19). Defendant contends that the Rules and Regulations' forum-selection clause applies because the sole cause of action "arises out of a phone call [the plaintiff] placed" to the Rapid Rewards telephone number. Reply at 14 (Dkt. No. 20).

Federal contract law applies to "interpret the scope of a forum-selection clause even in diversity actions," such as this one. *Yei A. Sun*, 901 F.3d at 1086; *see also Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009). "In interpreting a forum-selection clause under federal law, 'we look for guidance "to general principles for interpreting contracts."'" *Yei A. Sun*, 901 F.3d at 1086 (quoting *Doe 1*, 552 F.3d at 1081). The Ninth Circuit has held that "forum-selection clauses covering disputes 'arising out of' a particular agreement apply only to disputes 'relating to the interpretation and performance of the contract itself.'" *Yei A. Sun*, 901 F.3d at 1086 (quoting *Cape Flattery Ltd. v. Titan Mar., LLC*, 647 F.3d 914, 922 (9th Cir. 2011). Forum-selection clauses covering disputes "relating to" an agreement "apply to any disputes that reference the agreement or

---

[5] At the hearing, defense counsel argued that plaintiff's opposition did not contend that plaintiff's cause of action was not within the scope of the forum-selection clause. The Court disagrees, finding that while plaintiff could have presented the issue more directly, plaintiff's opposition does assert that the claim does not stem from any dispute related to the Rapid Rewards Program. *See* Opp'n at 3-4 (Dkt. No. 19). In any event, before the Court can enforce a forum-selection clause, the Court must determine whether the dispute is covered by the forum-selection clause.

have some 'logical or causal connection' to the agreement." *Yei A. Sun*, 901 F.3d at 1086

The Court concludes that forum-selection clause does not apply to plaintiff's claim. The forum-selection clause applies to "any and all matters arising out of or relating to" the Rules and Regulations "and/or the subject matter hereof." Tilley Decl., Ex. A at 12. Here, the dispute does not "arise" out of the Rapid Rewards Program or the Rules and Regulations because plaintiff's claim does not involve the interpretation or performance of the Rapid Rewards Rules and Regulations. *Cf. Manetti-Farrow v. Gucci America, Inc.*, 858 F.2d 509, 513-14 (9th Cir. 1988) (holding tort claims were covered by a forum-selection clause because resolution of the tort claims required interpretation of the parties' contract). The complaint alleges that defendant recorded plaintiff's telephone call without his consent in violation of the CIPA. Resolving plaintiff's CIPA claim will not require the interpretation of the Rules and Regulations, nor does the CIPA claim involve a determination of whether plaintiff or defendant has performed under the Rules and Regulations. *See id*.

The Court also concludes that plaintiff's claim does not "relate to" the Rules and Regulations because the CIPA claim does not "reference the agreement or have some 'logical or causal connection'" to the Rules and Regulations. *Yei A. Sun*, 901 F.3d at 1086-87 (holding that the plaintiffs' claims were "related to" the parties' contract, and thus that forum-selection clause applied, because "the Suns' claim that Kao engaged in various fraudulent practices to induce them to invest $2.8 million in Advanced China Healthcare relates to the Share Purchase Agreements because the Suns invested pursuant to those agreements"). Here, plaintiff's CIPA claim does not reference the Rules or Regulations, nor does it have a logical or causal connection to those Rules and Regulations. *Cf. Taub v. Parker Jewish Inst. for Health Care & Rehab.*, Case No. 18-cv-07491-RS, 2019 WL 3292369, at *7 (N.D. Cal. July 22, 2019) (holding dispute was within scope of forum-selection clause because dispute "related to the contract as Taub asserts Defendants are pursuing an illegal debt that is invalid by virtue of the Admission Agreement between the parties").

Defendant argues the "plaintiff's sole cause of action arises out of a phone call" that plaintiff made to the Rapid Rewards customer service number, and thus that his claim is "related to" the Rapid Rewards program. Reply at 14 (Dkt. No. 20). Defendant is essentially arguing that but for

plaintiff's membership in the Rapid Rewards program, he would not have called the Rapid Rewards phone number. The Court finds that this connection is too attenuated to support a conclusion that plaintiff's CIPA claim "relates to" the Rapid Rewards Rules and Regulations.

Accordingly, the Court DENIES defendant's motion to transfer venue based upon the Rules and Regulations forum-selection clause. In light of the Court's conclusion that plaintiff's CIPA claim does not arise out of or relate to the Rules and Regulations, the Court finds it unnecessary to address the parties' arguments about the enforceability of the forum-selection clause.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES defendant's motion to transfer venue.

**IT IS SO ORDERED**.

Dated: February 24, 2020

SUSAN ILLSTON
United States District Judge